UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:18-09809 DSF (ADS)     Date: May 10, 2019

Title: *Javier Isais Chavez v. Hunter Anglea, Warden*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.     RELEVANT BACKGROUND**

Pending before the Court is a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") filed by Javier Isais Chavez ("Petitioner"). [Dkt. No. 1]. Although Petitioner signed the Petition on October 25, 2018, the Petition was not lodged with the Court until November 16, 2018, and the Petition was not officially filed by the Clerk of the Court until November 21, 2018. [Id., pp. 1, 8].

On January 24, 2019, Respondent Hunter Anglea, filed a Motion to Dismiss and lodged supporting documents with the Court. [Dkt. Nos. 9, 10]. In the Motion to Dismiss, Respondent argues that the Petition is time-barred by the one-year period of limitations set forth in 28 U.S.C. § 2244(d). [Dkt. No. 9, pp. 4-5]. Specifically, Respondent argues that the statute of limitations expired on November 7, 2018, but the instant Petition was constructively filed on November 12, 2018, after the limitations period expired. [Id., p. 4].

Pursuant to the Court's November 28, 2018, Order Requiring Response to Petition, Petitioner was required to file an Opposition, if any, to the Motion to Dismiss within twenty (20) days of the Motion to Dismiss. [Dkt. No. 4, p. 2]. Accordingly, Petitioner's Opposition was due by February 13, 2019. To date, Petitioner has not filed an Opposition or otherwise communicated with the Court about this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:18-09809 DSF (ADS)                                      Date:  May 10, 2019

Title:  *Javier Isais Chavez v. Hunter Anglea, Warden*

## II.     ANALYSIS

Under the "prison mailbox rule," a petition is constructively filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." Houston v. Lack, 487 U.S. 266, 276 (1988); see also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  In this case, Respondent asserts that Petitioner did not constructively file the instant Petition until November 12, 2018.  [Dkt. No. 9, p. 4].

To support that assertion, Respondent relies on lodged documents in addition to the allegations in his Motion to Dismiss.  Respondent submitted a declaration from Michael Steele ("Declaration"), a Litigation Coordinator at the prison where Petitioner is currently housed, to describe the prison's practices for handling mail.  [Dkt. No. 10-5, LD 5].  The Declaration states when an inmate brings confidential/legal mail to a Correctional Officer, that Correctional Officer "inspects and seals the inmate's mail" and "writes his or her name, badge number, and date across the sealed edge after sealing the envelope."  [Id., p. 1].  The Declaration further states the Correctional Officer will then "place legal mail in the mail a day after it is delivered by the inmate to the Correctional Officer."  [Id.].  As described in the Declaration, the envelope containing the instant Petition reflects that it was sealed and dated on November 12, 2018.  [Dkt. No. 1, p. 37]. In addition, Respondent lodged the prison mail log, which reflects that Petitioner had outgoing mail on November 13, 2018.  [Dkt. No. 10-4, LD 4, p. 2].  Therefore, Respondent argues that the Petition was constructively filed on November 12, 2018, five days after the statute of limitations expired.

Petitioner has not filed an Opposition to the Motion to Dismiss or otherwise addressed whether he is entitled to a different constructive filing date or whether he is entitled to a different calculation of the statute of limitations.

## III.     CONCLUSION

In the interests of justice, Petitioner is **ORDERED TO SHOW CAUSE** why this action should not be dismissed and file his Opposition **by no later than May 30, 2019.**  In the Opposition, Petitioner shall declare under penalty of perjury the

date he delivered the instant Petition to a Correctional Officer for mailing. Furthermore, Petitioner should tell the Court whether he believes statutory tolling and/or equitable tolling apply in this case.  If Petitioner believes he is entitled to equitable tolling, he must provide facts that show the following: (1) that he has been pursuing his claims diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010).

If Petitioner no longer wishes to pursue his claims, he may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk of Court is directed to attach a Notice of Dismissal Form (CV-009) to this Order for Petitioner's convenience.

**Petitioner is cautioned that failure to timely file a response by May 30, 2019, will result in a recommendation that this action be dismissed for the reasons stated in the Motion to Dismiss, and failure to prosecute and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Clerk kh